**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3813-19

SIXTH BORO RENTALS, LLC,

    Plaintiff-Respondent,

v.

JENNIFER MUTHONI AND
MWAWGI APATA,

    Defendants-Appellants.

_____

Argued October 18, 2021 – Decided December 30, 2021

Before Judges Sumners and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. LT-012965-19.

Roberta L. Tarkan argued the cause for appellants.

Alison C. Ingenito argued the cause for respondent.

PER CURIAM

    Defendants Jennifer Muthoni and Mwawgi Apata appeal the March 10, 2019 order granting judgment of possession in favor of plaintiff Sixth Boro

Rentals, LLC, and the May 28, 2020 order denying their motion for reconsideration. We disagree with defendants and affirm substantially for the reasons expressed by Judge Martha D. Lynes in her thorough and cogent oral decisions.

We briefly summarize the facts adduced from the record. In July 1990, Muthoni entered into a written lease agreement to rent an apartment in a multi-unit Jersey City apartment building. About six years later, in March 1996, her son, Apata, moved in with her but did not notify the landlord. Muthoni claimed that when she signed her new lease in 2008 with a prior landlord, she added Apata's name to an addendum to inform the landlord that he was also a tenant in the apartment. Muthoni did not keep a copy of the addendum.

In 2009, Muthoni got married and moved out of the apartment, but Apata remained. Because Apata was unable to maintain a checking account due to a learning disability, Muthoni continued to make the rent payments using her personal checks. He gave his mother cash, which she deposited in her checking account to pay the rent.

Defendants claimed that, beginning in 1997, they established a twenty-year friendship with Robert Chichester, the apartment building's superintendent,

until he unfortunately passed in 2018.  They also alleged that Chichester's replacement, Eli,[1] was aware that Apata lived in the apartment.

In June 2017, plaintiff purchased the apartment building.  According to the 2008 lease agreement provided by the prior owner, Muthoni was the only tenant permitted to live in the apartment.  When rent increases took effect in July 2017, and July 2018, the written notices were only in Muthoni's name and only she signed the 2017 and 2018 leases with Sixth Boro.

On April 25, 2019, defendants, after receiving an eviction notice addressed to Muthoni "and any other occupants," sent a letter to Sixth Boro's attorney advising that Apata had lived in the apartment for the last twenty-three years.  Nevertheless, on April 29, Sixth Boro sent Muthoni a notice to cease Apata's unauthorized occupancy in the apartment.  On May 1, and July 24, respectively, it sent Muthoni notices to quit Apata's occupancy.  In November, it filed a complaint for judgment of possession, alleging Apata was an unauthorized occupant of the apartment.

At trial, which covered two diverse dates in January 2020, Sixth Boro contended it never rented the apartment to Apata, including upon its purchase of the apartment building; the only records it was given indicated Muthoni

---

[1]  The trial record does not indicate Eli's last name.

3 A-3813-19

rented the apartment; and that she was the only authorized person living in the apartment. Sixth Boro further asserted it was never informed that Apata lived in the apartment or that he was the source of the rent payments made by his mother.

Defendants argued Apata was an authorized occupant and a functional co-tenant under Maglies v. Estate of Guy, 193 N.J. 108 (2007) and common law. Maglies established the test for proving a functional tenancy protected by the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12. To prove one is a functional co-tenant, there must be a showing of: (1) continuous residency, (2) substantial contribution to the tenancy's financial obligation, and (3) landlord acknowledgement of and acquiescence to the financial contribution. Maglies, 193 N.J. at 126.

As to Apata being an authorized occupant, defendants asserted that his residing in the apartment for twenty-three years was evidence of his authorized tenancy. As to Apata having a functional tenancy, they contended he satisfied all the necessary factors: continuous residency, substantial contribution to the rent, and landlord acquiescence.

In a reserved decision given from the bench on March 2, Judge Lynes found Apata had not established a tenancy in the apartment and found in favor

of Sixth Boro.  The judge reasoned that while she believed Apata's testimony that he lived in the apartment for twenty-three years, he failed to satisfy the other factors to establish he was a functional co-tenant.  Namely, "there's really no proofs that []Apata made payments . . . to the landlord directly or gave any indication about where the [rent] money was coming from."  "[T]here's no . . . real proof[] that the money was being deposited in [Muthoni's checking] account.  [There were no] receipts that would indicate that it was money that [Apata] was depositing into her account."

As to acquiescence of Apata's tenancy, the judge found, "[t]here [was] no indication that at any time, [defendants] . . . advis[ed] . . . any of the landlords, including [Sixth Boro,] that []Apata was making [rent] payments."  The judge explained that rent increase notices addressed to Muthoni, where she wrote that Apata was residing in apartment, were not signed by the then-landlord, which would be imputed to Sixth Boro.  The judge stressed:

> [T]he contribution [by Apata] has to be acknowledged [by] and acquiesced to the landlord.  And because of the manner in which []Muthoni and []Apata were making payments . . . it led the landlord to not have any information with regard to who was making these . . . payments.  So there could be no acquiescence in that regard.

The judge noted that while "prior landlords may have known . . . there was no testimony . . . [from] or any of those prior landlords, or the super[intendent] who apparently was still friendly with . . . Apata and []Muthoni." She concluded, "there was no acquiescence. There was no proof . . . [Apata] was in the apartment . . . . [T]he person that could have given us an indication that he was actually residing in the property was the gentleman who[m] they indicated was the super[intendent]. He didn't [testify]."

After the judge entered an order granting judgment of possession to Sixth Boro on March 10, defendants moved for reconsideration. On May 28, the judge entered an order denying reconsideration and issued a bench decision upholding the judgment of possession for the same reasons she had expressed in granting it. On June 12, the judge granted a stay of the judgment of possession pending appeal, allowing Apata to remain in the apartment.

On appeal, defendants contend the trial judge erred in entering the judgment of possession because Apata was an authorized tenant based on a prior landlord's acquiescence. Defendants contend the judge overlooked their testimony regarding the two apartment building superintendents' knowledge of Apata's residency, which was imputed to Sixth Boro, thereby making it was aware of and acquiescing to his tenancy. They assert it is Sixth Boro's burden,

6

not theirs, to locate and produce the previous landlords to show they had no knowledge of Apata's residence in the apartment. Defendants claim the judge's ruling was inconsistent because she found them credible in some respects but not credible in their testimony to establish the requirements of Maglies.

In the alternative, defendants argue the judge erred because Apata was an authorized occupant of Muthoni's written lease agreement. They contend, "Maglies is not applicable to the analysis where the tenant named in the lease is still a tenant. [The trial judge] did not address . . . whether . . . Apata was an authorized occupant in a situation where the tenant named i[n] the lease is still a tenant." Defendants maintain, "[i]t is unreasonable and contrary to law to require a man living in an apartment for [twenty-three] years to vacate in a situation where his mother is a current tenant and he was an authorized occupant, either express or implied, by the prior landlord."

Defendants also state the judge failed to address whether the prior landlords accepted Apata as an occupant. Because Apata was an authorized occupant, defendants contend he continues to be an authorized occupant with all future landlords unless his status is legally changed via a reasonable change to a lease pursuant to N.J.S.A. 2A:18-61.l(i). Defendants also argue the judge

disregarded "the equitable defenses of waiver and estoppel that apply to a situation when there is an unauthorized long-term occupant and a tenant."

The record leads us to conclude that the judgment should not be disturbed, and thus we find no merit to defendants' arguments. Defendant has failed to establish why we should not "give deference to the trial [judge who] heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 483-84 (1974)). We see no reason to disturb the judge's factual findings and legal conclusions, as we are unconvinced they were "'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]'" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (second alteration in original) (quoting In re Tr. Created By Agreement Dated Dec. 20, 1961, 194 N.J. 276, 284 (2008)). And based on our de novo review, we see no error in the judge's legal conclusions. See 30 River Ct. E. Urb. Renewal Co. v. Capograsso, 383 N.J. Super. 470, 476 (App. Div. 2006) (citations omitted).

Beyond their own testimonies, defendants provided no evidence that any landlords had knowledge of Apata's residence in the apartment. It was their

8

burden to prove their defenses to the trial judge court. As <u>Maglies</u> states, "[i]t bears repeating that our conclusion is premised on [<u>the tenant's] ability to show that [he] was continuously in residence; that [he] was a contributor to the financial obligations of the tenancy; and that [the landlord] knew about [his] role and acquiesced</u>." 193 N.J. at 127 (emphasis added). A fact-finder can both accept and reject some of a witness's testimony. We discern nothing in the record to conclude Judge Lynes abused her discretion by not accepting the testimony that the previous landlord knew Apata was living in the apartment as sufficient proof of the prior landlords' knowledge and acquiescence of his tenancy.

Any arguments raised by defendants not specifically addressed is because they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                                          A-3813-19